IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-00546-BO

| | |
|---|---|
| ZO XABIERE ALI, *also known as* *Lorenzo Dominic Richardson*, <br><br> Plaintiff, <br><br> v. <br><br> NORTH CAROLINA SHERIFF'S ASSOCIATION and NORTH CAROLINA ASSOCIATION OF DISTRICT COURT JUDGES, <br><br> Defendants. | ORDER AND MEMORANDUM AND RECOMMENDATION |

This matter is before the court for review of the application to proceed *in forma pauperis* and complaint of Plaintiff Zo Xabiere Ali, also known as Lorenzo Dominic Richardson, ("Plaintiff") pursuant to 28 U.S.C. § 1915(a)(1), (e)(2)(B). [DE-1]. Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is allowed. However, for the reasons provided below, it is recommended that Plaintiff's complaint be dismissed as frivolous and his state court criminal action be remanded.

## I. PLAINTIFF'S COMPLAINT

Plaintiff, a resident of North Carolina, has filed suit against the North Carolina Sheriff's Association and the North Carolina Association of District Court Judges. Compl. [DE-1-1] at 1. Plaintiff's complaint is difficult to decipher at best. However, it appears Plaintiff is alleging that Defendants conspired against him, resulting in Plaintiff's arrest, which he characterizes as a kidnaping, due to Plaintiff's failure to comply with an allegedly fraudulent child support order.

Compl. at 2; [DE 1-3]. Plaintiff seeks compensatory and punitive damages. Compl. at 3. Plaintiff also appears to seek removal to this court of a state court criminal case filed against him in Wake County District Court (Case No. 13CR218715). [DE-1-2].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)); *see also Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent

2

such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Denton*, 504 U.S. at 32.

In evaluating a case under § 1915, a court may appropriately look to cases decided under Fed. R. Civ. P. 12(b)(6) for guidance. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (relying on standards set out in Rule 12(b)(6) cases in applying failure to state claim provision in 28 U.S.C. § 1915(e)(2)(B)(ii)); *Lugo v. INS*, 950 F. Supp. 743, 745 (E.D. Va. 1997) (failure to state claim provision in 28 U.S.C. § 1915A(b)(1) "appropriated" Rule 12(b)(6) standard). A complaint should be dismissed for failure to state a claim if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)). A court must accept as true all well-pleaded allegations and view those allegations in the light most favorable to the plaintiff, construing all reasonable factual inferences in the plaintiff's favor. *Id.*

However, dismissal is proper under Rule 12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). A plaintiff must plead "enough facts to state a claim for relief that is plausible on its face," as opposed to merely conceivable on some undisclosed set of facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Specifically, "[w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). A complaint can only achieve facial plausibility when it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

3

The "plausibility" standard demands more than a mere possibility of misconduct, and if the facts alleged are "not only compatible with, but indeed . . . more likely explained by lawful . . . behavior," the pleading will be insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

### III. ANALYSIS

Adhering to the principle that *pro se* pleadings should not be held to the same stringent standards as those of attorneys, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the allegations contained in Plaintiff's complaint have been liberally construed. However, even affording Plaintiff a deferential examination of the allegations, this court finds that the complaint must be dismissed as frivolous.

Plaintiff previously filed against these same Defendants a substantively identical form complaint, the only difference being the date on which it was signed. *See Ali v. N.C. Sheriff's Assoc.*, No. 5:13-CV-00239-D, [DE-3 & 4] (E.D.N.C. Apr. 19, 2013). The court dismissed the prior complaint as frivolous, concluding that Ali sought to hold the defendants liable under a theory of respondeat superior and 42 U.S.C. § 1983 does not provide for respondeat superior liability.[1] *See id.* [DE-3] at 2 (citing *Iqbal*, 556 U.S. at 676; *Monell.*, 436 U.S. at 691-92; *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). In the present case, despite adding some additional factual allegations in the supporting documents filed with Plaintiff's proposed complaint [DE-1-3], Plaintiff's complaint suffers from the same terminal defect as his prior

---

[1] Plaintiff has also filed a number of unrelated cases in this court that have been dismissed as frivolous. *See, e.g., Ali v. Greene*, No. 5:12-CV-424-D, [DE - 3] (E.D.N.C. Oct. 19, 2012) (dismissing complaint as frivolous); *Richardson v. N.C. Dep't of Health & Human Servs.*, No. 5:12-CV-180-D, 2012 WL 4426303, at *1 (E.D.N.C. June 29, 2012), *report and recommendation adopted*, 2012 WL 4426059 (E.D.N.C. Sept. 24, 2012) (dismissing complaint as frivolous); *Ali v. Worf*, No. 5:12-CV-261-D, 2012 WL 2786387, at *2 (E.D.N.C. May 18, 2012), *report and recommendation adopted*, 2012 WL 2786380 (E.D.N.C. July 9, 2012) (dismissing complaint as frivolous), *aff'd*, 484 F. App'x 830 (4th Cir. 2012); *Richardson v. Green*, No. 5:11-CV-202-H, [DE-7] (E.D.N.C. July 6, 2011) (dismissing complaint as frivolous), *aff'd*, 465 F. App'x 240 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 296 (2012).

4

complaint–no facts are alleged with respect to the actual Defendant organizations in this case and 42 U.S.C. § 1983 does not provide for respondeat superior liability.[2] *See, e.g., Monell*, 436 U.S. at 691-92.

Furthermore, with respect to Plaintiff's attempt to remove a pending state court criminal proceeding against him (Case No. 13CR218715) from Wake County District Court to this court, Plaintiff has failed to state an appropriate grounds for removal. Criminal removal jurisdiction is circumscribed and there exist few circumstances under which a state criminal prosecution may be removed to federal district court. *See* 28 U.S.C. §§ 1442, 1442a, 1443. Section 1442 applies to prosecutions proceeding in state court against federal officers or agents, section 1442a to members of the armed forces, and section 1443 to claims of racial inequality. *Id.* Here, sections 1442 and 1442a are inapplicable as Plaintiff has not alleged that he is a federal officer/agent or a member of the armed forces. Further, section 1443 is inapplicable because the grounds for removal alleged here, while not altogether coherent, appear unrelated to racial inequality. *See Thomas v. Correa*, No. 5:11-CV-715-BR, 2013 WL 1122627, at *2 (E.D.N.C. Jan. 10, 2013) ("Section 1443 encompasses only removals based on a defendant's claim of racial inequality.") (citations omitted), *report and recommendation adopted sub nom. Thomas v. Aida Correa*, No. 5:11-CV-00715-BR, 2013 WL 1122872 (E.D.N.C. Mar. 18, 2013). Accordingly, Plaintiff has failed to allege a valid basis for removal jurisdiction and it is recommended that the criminal case be remanded to Wake County District Court.

---

[2] It is noted that Plaintiff's complaint is also barred, in part, by *res judicata* where Plaintiff is attempting to relitigate the same cause of action against the same parties that was previously dismissed by the court. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

5

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that the underlying complaint be DISMISSED and criminal case no. 13CR218715 be REMANDED to Wake County District Court.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have Fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, the 18 day of September 2013.

Robert B. Jones, Jr.
United States Magistrate Judge